IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JAYLAN ROCHARD WILLIAMS, SR., § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:23-CV-080-Z-BR |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

On April 12, 2023, Petitioner Jaylan Rochard Williams, Sr. tendered to the Beaumont Division of the Eastern of District of Texas a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF 2). A week later, on April 19, 2023, the case was transferred from the Eastern of District Texas to this Court because the Petition stems from a disciplinary conviction that occurred at the Clements Unit located in the Amarillo Division of the Northern District of Texas. (*See* ECF 3 at 2).

On August 31, 2023, the undersigned issued an Order Temporarily Granting Permission to Proceed *In Forma Pauperis* Pending Supplementation. (ECF 8). Petitioner failed to properly supplement or pay the filing fee within the time allowed in the Court's Order. (ECF 8 at 1). Additionally, Petitioner failed to provide the Court with an advisory regarding the status of his disciplinary conviction. (ECF 8 at 2). Therefore, Petitioner has failed to comply with the Court's Order in two respects. (*See* ECF 8). Petitioner was given 21 days to comply with the Court's Order.[1] (ECF 8 at 1). As of this date, Petitioner has not responded to the Order or attempted to communicate with the Court in any way.

---

[1] The Court has given Petitioner a substantial grace period—13 additional days—to comply with the Court's Order.

The Court has given Petitioner a fair opportunity to comply with its Order, yet Petitioner has failed to follow the Court's direct orders. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1988); *see* Fed. R. Civ. P. 41. "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S. Ct. 1386 (1962)). The undersigned finds Petitioner's failure to comply with this Court's August 31, 2023 Order warrants dismissal.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus (ECF 2) filed by Petitioner Jaylan Rochard Williams, Sr. be DISMISSED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED October 4, 2023.

*(signature)*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## *** NOTICE OF RIGHT TO OBJECT ***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).