IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JAYLAN ROCHARD WILLIAMS, SR., | |
| Petitioner, | |
| v. | 2:23-CV-080-Z-BR |
| DIRECTOR, TDCJ-CID, | |
| Respondent. | |

## ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court are the findings, conclusions, and recommendation of the United States Magistrate Judge to dismiss the 28 U.S.C. § 2254 federal habeas petition filed by Petitioner ("FCR"). ECF No. 9. No objections to the FCR have been filed. After making an independent review of the pleadings, files, and records in this case, the Court concludes that the FCR of the Magistrate Judge is correct. It is therefore **ORDERED** that the FCR is **ADOPTED** and the case is **DISMISSED**.

Additionally, the Court **DENIES** a certificate of appealability ("COA").[1] A district court may deny a COA *sua sponte* and without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), and **ADOPTING** and **INCORPORATING** the Magistrate Judge's FCR, the Court finds that Petitioner has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" or

---

[1] A COA is a "jurisdictional prerequisite" before an appeal may proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)); *Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting §§ 2254 and 2255 actions require a COA).

"debatable whether [this Court] was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED**.

November 3, 2023

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

2